UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WEALTH RESCUE STRATEGIES, INC., *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-3107 |
| | § | |
| ROBERT W. THOMPSON, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is an application to vacate an arbitration award rendered against defendant Robert W. Thompson ("Thompson" or "defendant"). Dkt. 48. Upon consideration of the application, response, reply, and applicable law, the application is DENIED.

**I. BACKGROUND**

Thompson and plaintiff Chris Jones ("Jones"), a California resident, were investment advisor representatives at Walnut Street Securities, Inc., and they entered into a business arrangement in 2005 involving the division of fees from Thompson's Houston-area customers. Dkt. 48 at 3–4. A disagreement over fees between Jones and Thompson arose in late 2007, leading to the instant case. *Id.* On May 12, 2008, plaintiffs Jones and Wealth Rescue Strategies, Inc. filed their original complaint against the defendants in the United States District Court for the District of Arizona. Dkt. 2. After the action was transferred to the Southern District of Texas, this court ordered arbitration of the dispute under the rules of the Financial Industry Regulatory Authority ("FINRA"). Dkts. 28, 44. Defendants then petitioned the FINRA director to set venue in Houston, Texas, and in March 2010 the director left the decision to the arbitral panel because the "issues raised by the parties

require factual determination." Dkt. 48, Ex. A (letter from FINRA case administrator) at 1. The arbitral panel ultimately denied defendants' venue challenge. Dkt. 48 at 7–8.[1]

From July 23 through 26, 2012, the final arbitration hearing was held before a FINRA panel in San Diego, California. Dkt. 48 at 2. Defendants called two live witnesses, Thompson and Brownie Wheless, and produced fifteen affidavits from Texas customers, all of which were admitted. Dkt. 50 at 3; Dkt. 48 at 8. Two customers testified telephonically in support of their affidavits. Dkt. 48 at 8 n.4.[2] Defendants also introduced 150 exhibits and rested. Dkt. 50 at 3. After considering the pleadings, testimony, and evidence presented at the hearing, the panel decided that Thompson was solely liable to Jones for $100,000. Dkt. 48, Ex. B (arbitral award) at 3. All other claims and counterclaims were denied in their entirety. *Id.* at 3–4.

In September 2012, Thompson filed an application to vacate the arbitration award in this court, arguing that the panel's erroneous failure to transfer venue substantially prejudiced his right to present evidence and cross-examine witnesses. Dkt. 48 at 5. Plaintiffs respond that Thompson and the other defendants suffered no prejudice from the adverse venue decision, as they had the opportunity to present all of their witnesses' testimony, either live or by deposition, and instead chose to file fifteen affidavits and call five witnesses, three of whom appeared by phone. Dkt. 50 at 6–7. The matter is now ripe for decision.

---

[1] Although both sides acknowledge the panel's denial of transfer to Houston, no party filed a copy of the panel's decision, if it was memorialized in a written order, or a transcript of an oral decision.

[2] Thompson claims in his application that the telephonic testimony was difficult to hear due to technical issues with the telephone connection and an audio speaker. *See* Dkt. 48 at 8 n.4. The court accords no weight to this statement, however, because it is not substantiated by any evidence in the record nor has Thompson shown that he objected to the allegedly deficient audio quality of the telephonic testimony at the final hearing.

## II. ANALYSIS

**A. Governing Law**

Thompson moves to vacate the arbitration award under the Texas General Arbitration Act ("TAA"). Dkt. 48 at 5. A court may vacate an award if the arbitrators "conducted the hearing, contrary to Section ... 171.047, in a manner that substantially prejudiced the rights of a party." *See* TEX. CIV. PRAC. & REM. CODE § 171.088(a)(3)(D). Section 171.047 provides that a party at the hearing is entitled to present evidence material to the controversy and cross-examine any witness. *Id.* § 171.047. Plaintiffs respond that although Thompson cannot meet the high burden to vacate an award under the TAA, the Federal Arbitration Act ("FAA") should govern Thompson's application, as the court's order on the motion to transfer venue was decided under the FAA. Dkt. 50 at 3.

The TAA applies to written arbitration agreements unless the agreement is excluded from coverage by section 171.002 of the TAA, or the parties agree to proceed under the FAA. *See* TEX. CIV. PRAC. & REM. CODE §§ 171.001–.002; *see also Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 472 (1989) (parties may agree which statute applies to arbitration proceedings). If an arbitration agreement can be interpreted as invoking both acts, the FAA preempts a TAA provision to the extent the latter presents an impediment to the enforceability of arbitration agreements. *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 98–100 (Tex. 2011).

In this case, because neither Thompson nor plaintiffs presented any arguments on the preemption issue, and because the applicable statutory standards for vacatur under the FAA and TAA are substantively identical, the court will apply the TAA in its analysis, but also consider common law governing both statutes. *See* Judge Gray H. Miller & Emily Buchanan Buckles, Essay, *Reviewing Arbitration Awards in Texas*, 45 HOUS. L. REV. 939, 952 (2008) (explaining that the

3

enumerated reasons for vacatur under the TAA are "nearly identical" to those contained in § 10 of the FAA).

## B. Standard of Review

Texas law strongly favors arbitration, and review of an arbitral award is "extremely narrow." *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied). An arbitration award has the same effect as a judgment of a court of last resort. *Id.*; *see also CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). Accordingly, all reasonable presumptions are indulged in favor of the award and the award is conclusive on the parties as to all matters of fact and law. *CVN Group*, 95 S.W.3d at 238. Because of the deference given to arbitration awards, the court focuses on the integrity of the process, not the propriety of the result. *TUCO Inc. v. Burlington N. R.R. Co.*, 912 S.W.2d 311, 315 (Tex. App.—Amarillo 1995), *modified and remanded on other grounds*, 960 S.W.2d 629 (Tex. 1997). And when a party moves to vacate an award on grounds that he was prejudiced by an arbitrator's decision limiting presentation of evidence or cross-examination of witnesses, vacatur is only warranted when the decision deprives the party of a fair hearing. *See Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 301 (5th Cir. 2004) ("A federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings.") (internal quotation marks omitted).

## C. Application of Law to Facts

First, Thompson argues that the FINRA director and arbitrators apparently "blatantly ignored [FINRA's] transfer factors in retaining venue in California." *See* Dkt. 48 at 5. However, the three transfer factors, as listed by Thompson, are not exclusive and contemplate that the ultimate decision is left to the discretion of the FINRA director. *Id.* at 5–6 (citing FINRA Rule 13213(a)(1) on venue

4

transfers, which states that "In cases involving members only or more than one associated person, the Director will consider a variety of factors, *including* ..."). Thompson also failed to provide an order from the arbitral panel or a transcript regarding the panel's denial of defendants' motion. Thus, even if the court could review the merits of the panel's decision, such review is impossible when, like Hamlet without the prince, the court lacks a necessary component—the panel's analysis. Nevertheless, assuming that the arbitral panel erred in retaining venue in California, the court cannot vacate the award absent a showing of substantial prejudice.

Here, Thompson concedes that the panel permitted introduction of witness affidavits to support his contentions at the final hearing, but he contends that live testimony would have been more effective. Dkt. 48 at 8. He also claims that because the affidavits were admitted, the arbitrators permitted plaintiffs to present third-party testimony regarding statements made by persons who were not available for cross-examination. *Id.* at 8–9. Thompson argues that he effectively was prevented from cross-examining certain witnesses and presenting material evidence, substantially prejudicing his rights. *Id.* at 9.

As stated above, vacatur of an arbitration award is appropriate in these circumstances only when the non-prevailing party was denied a fair hearing. *Karaha*, 364 F.3d at 300–01. Thompson does not argue that the arbitrators did not admit certain evidence; rather, Thompson argues that live witness testimony would have had greater force. While that may be true, Thompson has not demonstrated that the arbitrators did not consider the affidavits or allow witnesses to appear live or telephonically. Further, regarding the hearsay issue, Thompson has not shown that he objected to the hearsay testimony or was prevented from calling the declarants of the out-of-court statements. Accordingly, even if a transfer of venue would have facilitated greater witness participation,

5

Thompson has failed to demonstrate that the retention of venue in California substantially prejudiced his rights, specifically the denial of his right to a fair hearing.

### III. CONCLUSION

For the foregoing reasons, Thompson's application to vacate the arbitration award (Dkt. 48) is **DENIED**.

It is so **ORDERED**.

Signed at Houston, Texas on November 2, 2012.

_____
Gray H. Miller
United States District Judge